[No. 2532.]

## Henry Lackey v. The State.

1. CARRYING AWAY TIMBER—CHARGE OF THE COURT.—The evidence disclosed that the land on which the timber was cut, and from which it was carried away by defendant under a purchase from one D., was in dispute between D. and B., both claiming under a common grantor. Under this state of facts the trial court charged the jury: "If you believe from the evidence that defendant had notice of the dispute as to the title to the land, this would put him on his guard, and he would then be bound by the law to have the consent of the true owner; otherwise, you will find the defendant guilty," etc. *Held*, error.

2. SAME.—The defendant asked, upon the state of case noted, that the court charge the jury as follows: "If you believe from the evidence that the defendant purchased the timber mentioned in the information herein, believing it to be the property of W. F. Dalton, the party from whom he purchased, that he purchased said timber in good faith, in that event he would not be guilty of knowingly carrying away timber from land not his own, in contemplation of law." *Held*, that this special charge announced the law on the vital question involved, and the court erred in refusing to give it.

3. TRANSCRIPT to this court in a case prosecuted on an information should bring up the affidavit on which the information is based, as well as the information itself.

APPEAL from the County Court of Palo Pinto. Tried below before the Hon. J. H. Conatser, County Judge.

The opinion discloses the nature of the case. A fine of ten dollars was the punishment assessed by a verdict of guilty.

It was ·proved by the State that the defendant carried away the timber described in the information, from the land described in the same document; that he was warned not to do so, as M. R. Birdwell claimed the land and timber under a purchase from B. B. Adams in 1881; that the defendant replied to such warning that he had purchased the timber from Frank Dalton and would carry it away, which he did.

Frank Dalton testified, for the defense, that he claimed the land under a transfer from B. B. Adams, executed in 1881; that he cut the timber described in the information, and sold it to the defendant, and authorized him to carry it away.

The motion for new trial raised the question involved in the opinion, and denounced the verdict as unsupported by law or evidence.

No brief for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WE, PRESIDING JUDGE. It appears from the evidence that the ownership or title to the land from which the timber was alleged to have been cut and carried away by defendant was in dispute between Birdwell and Dalton, both parties claiming under transfers executed to them about the same time by Adams, the original claimant. Dalton testified that he himself cut the timber in controversy, and sold it to defendant, who paid him for it.

Amongst other things the court charged the jury as follows: "If the jury believe from the evidence that defendant had notice of the dispute as to the title of the land, this would put him on his guard, and he would then be bound by the law to have the consent of the true owner; otherwise, you will find defendant guilty and assess a fine," etc.

This was excepted to, and a special instruction was asked and refused, which was couched in these words: "The defendant asks the court to charge the jury that, if they believe from the evidence that defendant purchased the timber mentioned in the

information herein, believing it to be the property of W. F. Dalton, the party from whom he purchased, that he purchased said timber in good faith; then and in that event he would not be guilty of knowingly carrying away timber from land not his own, in contemplation of law."

This special instruction embraced the law on the vital point in the case, and announced it correctly, whilst the charge given, and which we have quoted, was erroneous and should not have been given. In several other particulars the charge given is obnoxious to criticism, but it is unnecessary to discuss them, as the objectionable features will not likely occur again.

There is a matter to which we call the attention of the clerk. In preparing the transcript he has omitted to send up as part of it the original affidavit or complaint upon which the information was based. This important paper should always accompany the information.

For errors in the charge of the court as indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered May 5, 1883.